IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Monquez J. Young, #375637,<br><br>Plaintiff,<br><br>vs.<br><br>Ms. Reaves, Mr. Ekue, Mr. Santos, South Carolina Department of Corrections, and Bryan Stirling,<br><br>Defendants. | ) | C/A No.: 4:26-cv-3377-BHH-TER<br><br>REPORT AND RECOMMENDATION |

Monquez J. Young ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Ms. Reaves ("Reaves"), Mr. Ekue ("Ekue"), Mr. Santos ("Santos"), South Carolina Department of Corrections ("SCDC"), and Bryan Stirling ("Stirling") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without prejudice and without leave for further amendment.

## I. Factual and Procedural Background

On August 11, 2026, Plaintiff filed a complaint against Reaves, Ekue, and Santos regarding a November 10, 2025 incident at Manning Correctional Institution. (ECF No. 1). Plaintiff failed to sign the original complaint. *See id.* On August 18, 2026, the undersigned issued a proper form order directing Plaintiff to: (1) either sign and return the original complaint (ECF No. 1) or file an amended complaint; (2) pay the $350 filing fee and $55 administrative fee set by the judicial conference or fully complete, sign, and return an application to proceed in district court without prepayment of fees or costs ("Form AO240"); (3) complete a summons form listing every

defendant named in the matter; and 4) complete, sign, and return a Form USM-285 for each defendant named in the complaint. (ECF No. 5). The order advised Plaintiff that his original complaint, as drafted was subject to summary dismissal for failure to state a claim upon which relief may be granted. *Id.* at 1–3. Plaintiff was permitted until September 9, 2026, to comply with the order, and was warned that if he failed to do so, "this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 1.

Plaintiff partially complied with the court's proper form order and filed an amended complaint. *See* ECF Nos. 9, 10. In his amended complaint, Plaintiff names only SCDC and Stirling as defendants in the case caption and only Reaves, Ekue, and Santos as defendants in the body of the complaint. *Compare* ECF No. 9 at 1, *with* ECF No. 9 at 2–3. As in the original complaint, Plaintiff stated he was bringing a claim for excessive force in violation of the Eighth Amendment, in addition to claims for conspiracy against rights in violation of 18 U.S.C. § 241 and under S.C. Code Ann. § 59-111-140, which defines the term "[c]orrections officer." *Id.* at 4.

Plaintiff's allegations concern the same November 10, 2025 incident at Manning Correctional Institution he discussed in the original complaint. (ECF No. 9 at 5). He states he was involved in a verbal altercation with Reaves when he was walking to lunch. *Id.* at 14. He indicates that after he entered the cafeteria, Reaves commanded him to get out of the line and he complied. *Id.* He describes a second verbal altercation with Reaves and states Ekue took him by the left arm and led him back in the direction of his dorm. *Id.* He maintains Reaves followed them down the hall, continued to argue with him, sprayed the back of his head and his neck with Mace, and commanded him to get on the ground, at which time Ekue handcuffed him. *Id.* He indicates that when Ekue continued to walk him to his dorm, Ekue challenged Reaves' actions. *Id.* He notes that

after taking him back to his dorm, Ekue returned and informed him that he had to be transported to medical. *Id.* He states his blood pressure was elevated at 158/98 mmHg in medical. *Id.* at 15. He further indicates he declined to have his eyes washed out because only the back of his head was sprayed. *Id.* He says Santos subsequently appeared in medical and transported him back to his dorm, but later returned to his dorm with a camera and instructed him to state that he had used excessive force on an officer. *Id.* He indicates he declined to follow Santos' instruction. *Id.* He notes Reeves was suspended for her actions. *Id.* at 5.

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v.*

*Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

B. Analysis

As noted above, Plaintiff only partially complied with the court's proper form order. While Plaintiff filed a proposed summons and Forms USM-285, he did not comply with the court's explicit instructions for the forms' completion. *See* ECF No. 10. Although Plaintiff filed an amended complaint, he did not address the deficiencies in the original complaint through his amended complaint, as he raised similar claims and included the same factual allegations verbatim. *Compare* ECF No. 1 at 3, 11, 12, *with* ECF No. 9 at 4, 14, 15.

Even if Plaintiff had properly complied with the court's prior order, his action would still be subject to summary dismissal for failure to state a claim upon which relief may be granted. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Plaintiff cannot pursue claims under § 1983 for Defendants' alleged violations of 18 U.S.C. § 241, as this is a criminal statute that does not create civil liability. *See Cok v. Cosentino*, 876 F.2d 1,2 (1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. § 241–242 (the criminal analogue of 42 U.S.C. § 1983) . . . . These statutes do not give rise to a civil action for damages."). Plaintiff also cannot pursue a § 1983 claim for an alleged violation of S.C. Code Ann. § 59-111-140, as it does not concern a right secured by the Constitution or federal law. To the extent Plaintiff might be attempting to state a claim under state law based on S.C. Code Ann. § 59-111-140, he cannot do so as this statute merely defines the term "[c]orrections officer." *See* S.C. Code Ann. § 59-111-140.

Plaintiff's remaining cause of action under § 1983 is for Defendants' alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff has not included any allegations as to SCDC such that it would be liable for the alleged violations of his

Eighth Amendment rights. SCDC is not a person for purposes of liability under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also McElrath v. S.C. Dep't of Corr./Golden*, No. 5:13-317-MGL, 2013 WL 1874852, at *2 (D.S.C. May 3, 2013). Section 1983 makes "persons" acting under the color of law liable for Constitutional deprivations. "Persons" includes local governments whose officials commit constitutional torts "according to municipal policy, practice, or custom." *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1028 (9th Cir. 2000). "Persons" does not include "the State and arms of the State," which receive sovereign immunity from the Eleventh Amendment. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, SCDC must be summarily dismissed as a party to this action.

Plaintiff's claims against Ekue, Santos, and Stirling are also subject to summary dismissal, as Plaintiff has not alleged they acted personally in violating his rights. To assert a plausible § 1983 claim against any particular state actor, a "causal connection" must exist between the conduct alleged by the plaintiff and the particular defendant named in the suit. *See Kentucky v. Graham*, 473 U.S.159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). Here, Plaintiff has not met this burden. He includes no specific allegations as to Stirling and he cannot pursue a claim against Stirling based solely on a theory of vicarious liability or respondeat superior. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff identifies no actions on the part of Ekue and Santos that resulted in a violation of

the Eight Amendment. To state a claim for excessive force, a prisoner must show (1) that "the prison official[s] acted with a sufficiently culpable state of mind (subjective component)" and (2) that "the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (quoting *Hudson*, 503 U.S. at 9–10). "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citing *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). While he states Ekue "come grab me by my left arm," "have me by the arm walking me down the hall," and "cuffed me and still was trying to walk me to my dorm" (ECF No. 9 at 14), he does not indicate he sustained any injury due to Ekue leading him back to his dorm by his left arm or cuffing him. Likewise, Plaintiff does not indicate he sustained any injury when Santos uncuffed him or came to his dorm with a camera.[1] *See id.* at 15.

Plaintiff explicitly states that "Reeves assaulted me for no reason by macing me in the back of my head," but Reeves' action in macing him does not state a claim for excessive force in violation of the Eighth Amendment. Plaintiff states that he was taken to medical after Reeves sprayed him with Mace and that his blood pressure was slightly elevated. (ECF No. 9 at 15). However, he admits that when Dr. Smith asked him if he needed his eyes rinsed out "I told her no because I didn't get Maced in the front of my face." *Id.* Plaintiff was then sent back to his dorm,

[1] Even if the court were to construe Plaintiff's complaint liberally as an attempt to state a due process violation against Santos, he could not support such a claim because, among other reasons, Santos did not witness the altercation with Reeves such that he would have known how the events transpired and that Plaintiff did not assault Reeves.

as no intervention was needed. Given the factual allegations in the complaint, Plaintiff fails to demonstrate the sufficiently serious deprivation required to state an excessive force claim, as he was not injured because of Reeves' having sprayed the back of his head with Mace.

Because Plaintiff has not alleged sufficient facts to show that any defendant violated his rights under the Constitution or federal law, he has failed to state a § 1983 claim, and his case is subject to summary dismissal.

III. Conclusion and Recommendation

It is recommended that the District Court dismiss Plaintiff's action without prejudice under § 1915(e) and § 1915A and without service of process or leave for further amendment.

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 30, 2026
Florence, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).