IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Monquez J. Young, #375637, Plaintiff, v. Ms. Reaves, Mr. Ekue, Mr. Santos, South Carolina Department of Corrections, and Bryan Stirling, Defendants. | Civil Action No. 4:26-cv-3377-BHH **ORDER** |

This matter is before the Court upon Plaintiff Monquez J. Youn's ("Plaintiff") *pro se* amended complaint. (ECF No. 9.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 3, 2026, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action without further leave to amend. (ECF No. 15.) In the Report, the Magistrate Judge explained that Plaintiff only partially complied with the Court's proper form order and that, regardless, Plaintiff fails to state a plausible claim pursuant to 42 U.S.C. § 1983 against Defendants.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections have been filed, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 15), and the Court summarily dismisses this action without prejudice under § 1915(e) and § 1915A and without service of process or further leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 28, 2026
Charleston, South Carolina